26-375

SECT. BMAG.4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

MICHAEL MOSLEY JR.,

Plaintiff,

v.

DANNY ENGELBERG, in his individual and official capacity as Chief Public Defender for the 41st Judicial District;

ORLEANS PUBLIC DEFENDERS (OPD);

RÉMY VOISIN STARNS, in his individual and official capacity as Executive for the Public Defenders Office;

JEFFREY HUFFT, in his individual and official capacity as Chairman of the Louisiana Public Defender Oversight Board;

THE LOUISIANA PUBLIC DEFENDER OVERSIGHT BOARD (formerly the Board of Directors for the Louisiana Office of the State Public Defender);

APRIL LABLANC, in her individual and official capacity as Senior Legal Assistant;

MIKE EARLY, in his individual and official capacity as President of File Depot;

FILE DEPOT, through its registered agent,

Defendants.

1

Case No.: _____

Section: _____

**JURY TRIAL DEMANDED**

**CIVIL RIGHTS COMPLAINT**

**(Action Pursuant to 42 U.S.C. § 1983)**

**I. PRELIMINARY STATEMENT**

1.  This is a civil rights action for declaratory, injunctive, and monetary relief brought by Michael Mosley Jr., a former client of the Orleans Public Defenders (OPD). This action arises from the systemic failure of the OPD and its leadership to safeguard mandatory legal records and the repeated, negligent disclosure of confidential third-party information.

2.  Defendants' actions—specifically the loss of Plaintiff's entire case file (Case No. 433075) and the subsequent "bait-and-switch" production of partial documents and unrelated confidential files—have effectively barred the Plaintiff from accessing the courts for post-conviction relief, violating his rights under the Fourteenth Amendment to the U.S. Constitution.

**II. JURISDICTION AND VENUE**

3.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this action is brought to redress the deprivation of rights secured by the Constitution of the United States and 42 U.S.C. § 1983.

4.  Venue is proper in this district under 28 U.S.C. § 1391(b) as the Defendants are located in this district and the events giving rise to the claims occurred herein.

**III. PARTIES**

2

5. Plaintiff, **MICHAEL MOSLEY JR.**, is a citizen of the United States and a resident of the State of Louisiana, residing at 140 Southern Ct, Westwego, LA 70094. Phone: 504-396-4965.

6. Defendant, **DANNY ENGELBERG**, is the Chief Public Defender for Orleans Parish. He is sued in his **individual and official capacity**.

7. Defendant, **ORLEANS PUBLIC DEFENDERS (OPD)**, is the governmental entity responsible for providing legal services and maintaining the mandatory records of its clients.

8. Defendant, **RÉMY VOISIN STARNS**, is the Executive for the Public Defenders Office. He is sued in his **individual and official capacity**.

9. Defendant, **JEFFREY HUFFT**, is the **Chairman of the Louisiana Public Defender Oversight Board**. He is sued in his **individual and official capacity** for failing to exercise his oversight authority to rectify the constitutional violations brought to the Board's attention.

10. Defendant, **THE LOUISIANA PUBLIC DEFENDER OVERSIGHT BOARD**, is the state-mandated governing body responsible for the oversight of the Office of the State Public Defender and district offices. The Board is sued for its failure to supervise and its deliberate indifference to the systemic failures of its subordinate offices.

11. Defendant, **APRIL LABLANC**, is a **Senior Legal Assistant** employed by OPD. She is sued in her **individual and official capacity**.

12. Defendant, **MIKE EARLY**, is the **President of File Depot**, the entity contracted to store and safeguard OPD's mandatory records. He is sued in his **individual and official capacity**.

13. Defendant, **FILE DEPOT**, is a private corporation under contract with the State/OPD to provide professional record-keeping and storage services, acting under color of state law for the purposes of this action.

## IV. STATEMENT OF FACTS

14. At all relevant times, Plaintiff was entitled to the safekeeping of his complete legal file (Case No. 433075) by the OPD.

15. Outreach to Defendant **DANNY ENGELBERG** regarding the missing records began as early as **July 16, 2024**, when advocate **Kim Ford** first contacted the Chief Public Defender's office to request the production of Plaintiff's file.

16. Between July 2024 and November 2025, Plaintiff and his advocates, Kristy Smith and Kim Ford, reached out to Defendant **ENGELBERG** numerous times via email, letters, and Zoom conferences to secure the production of the entire case file.

17. In addition to the efforts of his advocates, Plaintiff **MICHAEL MOSLEY JR.** personally sent numerous messages and formal requests to the named Defendants. Despite his persistent and repeated personal inquiries, Defendants have failed to provide any substantive response or produce the complete case file.

18. On **June 12, 2025**, Plaintiff formally requested his entire case file from Attorney **Amber Ramanauskas**. This request did not result in the production of the file.

19. Specifically, on **June 16, 2025**, and again on **June 17, 2025**, Plaintiff personally and formally requested his entire case file from Defendants. These requests were met with no substantive response or production.

20. On **June 18, 2025**, Defendant **MIKE EARLY**, in his capacity as President of File Depot, reached out to Plaintiff via email and admitted in writing: **"Regarding your request for the file of Michael Mosley, Case # 433075, we have searched thoroughly for this file in the four boxes provided to us but are unable to locate it in any of the relevant boxes in our record inventory."**

21. On **June 20, 2025**, advocate **Kim Ford** sent a formal email to Defendant **DANNY ENGELBERG** following a meeting regarding the mishandling of Case No. 433075. In this communication, Ms. Ford expressed grave concern regarding the "atrocity" of the lost records, specifically noting that Plaintiff's records were visible and referred to during a deficient presentation by Public Defender **Amber Ramanauskas** at Plaintiff's parole hearing.

4

22. In the June 20, 2025 communication, Ms. Ford formally requested a written explanation of the steps to recover the information, a determination of liability for the "casually lost" records, and public records detailing the contractual and financial relationship between OPD and **FILE DEPOT**.

23. Specific subsequent formal requests for the case file were submitted on **July 9, 2025**, **October 14, 2025**, and **November 6, 2025**. Despite these repeated demands, the OPD consistently failed to produce the complete file.

24. On **June 24, 2025**, Defendant **APRIL LABLANC**, in her capacity as Senior Legal Assistant, admitted the file was missing from the "file depot warehouse."

25. On July 9, 2025, Defendant **LABLANC** provided a physical folder to Plaintiff's advocate. Upon review on July 10, 2025, it was discovered that this folder contained the confidential, privileged records of another individual.

26. On November 6, 2025, Plaintiff escalated this matter by sending a formal complaint and request for his file to **RÉMY VOISIN STARNS**, Executive for the Public Defenders Office.

27. On **November 13, 2025**, Plaintiff sent a formal complaint letter to **JEFFREY HUFFT** and the **LOUISIANA PUBLIC DEFENDER OVERSIGHT BOARD**. Despite being placed on actual notice of the systemic failures, neither the Chairman nor the Board intervened or investigated.

28. To date, Defendants have still not produced Plaintiff's entire case file, despite the countless personal and professional messages sent by Plaintiff and his team, causing severe prejudice and preventing him from seeking post-conviction relief.

## V. CAUSES OF ACTION

### COUNT I: 42 U.S.C. § 1983 - Deprivation of Fourteenth Amendment Rights

29. Plaintiff incorporates the above paragraphs.

5

30. Defendants, acting under color of state law, have deprived Plaintiff of his property and liberty interests by losing his criminal case file and failing to provide a remedy, effectively blocking his access to the Courts.

**COUNT II: 42 U.S.C. § 1983 - Monell Claim / Failure to Train and Supervise**

31. The loss of records and disclosure of unrelated data result from a policy or custom of gross negligence.

32. Defendants Engelberg, Starns, Hufft, the Oversight Board, and Early failed to adequately train and supervise staff regarding record retention and the Louisiana Rules of Professional Conduct.

**COUNT III: State Law Claims - Professional Negligence and Breach of Fiduciary Duty**

33. Defendants breached the standard of care owed to clients to safeguard privileged information under Louisiana law.

**VI. PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court:

A. Issue a declaratory judgment that Defendants' actions violated Plaintiff's Constitutional rights;

B. Award compensatory damages in an amount to be determined at trial;

C. Award punitive damages against Defendants in their **individual and official capacities** for their reckless indifference to Plaintiff's rights;

D. Order the immediate production or expert reconstruction of Case File 433075;

E. Grant all other legal and equitable relief, including attorney's fees and costs.

**Respectfully Submitted,**

**Michael Mosley Jr.**

140 Southern Ct

Westwego, LA 70094

504-396-4965

Date: February 18, 2026

in Formation under Louisiana Law.

VI. PRAYER For RELIEF

Plaintiff Respectfully Requests that the Court:

A. Issue A declaratory judgment that Defendants actions violated plaintiff.

B. Award compensatory damages in an amount to be determined at trial

C. Award Punitive damges Against Defendants in their individual and official capacities For their reckless indifference to Plaintiff Rights.

D. order the immediate Production or expert reconstruction of case #33075

E. Grant All other legal and equitable relief including Attorney Fee and cost

Respectfully Submitted, Michael J Mosley Jr.

Michael J Mosley JR

140 Southern ct.

Westwego. LA 70094

504 396-4965

pase 7

Defendants  02/18/2026

① Danny Engelberg, In his individual and official Capacity
Chief Public Defender, Orleans Public Defenders
2601 Tulane Ave, Suite 700 New orleans, Louisiana 70119

② Orleans Public Defenders (OPD)
C/o Danny Engelberg, Chief Public Defender
2601 Tulane Ave, suite 700 New orleans, Louisiana 70119

③ April LaBlanc, in her individual and official Capacity
Senior legal Assistant, Orleans Public Defenders
2601 Tulane Ave, Suite 700 New orleans, Louisiana 70119

④ Remy voisin starns in his individual and official Capacity (state Public Defenders office)
Executive for the Public Defenders office
301 main street suite 700 Baton Rouge, Louisiana 70885

Page 1

Continuing Defendants List 02/18/2026

⑤ The Louisiana Public Defender Oversight Board

The Louisiana Public Defender Oversight Board c/o Remy Voisin Executive 301 main street Suite 700 Baton Rouge, Louisiana 70119

⑥ Jeffrey Hufft, in his individual and official capacity Chairman, Louisiana Public Defender Oversight Board 301 main street, Suite 700 Baton Rouge, LA 70825

⑦ File Depot c/o Mike Early, Registered Agent 1220 N. Lopez st New Orleans, LA 70119

⑧ Mike Early Mike Early, in his individual and official capacity President, File Depot 1220 N. Lopez st New Orleans, Louisiana 70119

page 2